Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Eastern District of New York

1:19-cv-01532

Charles Jones individually and on behalf of all others similarly situated

Plaintiff

- against -

Complaint

Welch Foods Inc., A Cooperative and Promotion in Motion, Inc.

Defendants

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Welch Foods Inc., A Cooperative and Promotion in Motion, Inc. ("defendants") grow, harvests, produces, bottles, packages, markets, distributes and/or sells "fruit snacks" in boxes of individual pouches ("Products").

2. The Products are sold to consumers in no fewer than "mixed fruit" and "berries 'cherries" varieties, by third-parties from brick-and-mortar locations including grocery stores and online, and directly from defendants' websites.

3. The Products' labels tout the presence of "real fruit" through images and statements, including: (i) the Welch's brand name, inextricably linked to growing of real grapes, (ii) "Fruit Snacks," (iii) "Made with REAL Fruit," (iv) "100% DV Vitamin C & 25% Vitamins A & E," (v) "Colors from Natural Sources," (vi) "With Fiber" and (vii) "No Preservatives.

 

4. The representations give a reasonable consumer the impression that the Products are as nutritious, healthy, satiating and composed of non-synthetic ingredients, because all of these attributes apply to "real fruit."

5. Consumers have become more aware of "the beneficial health effects of consuming healthy dietary patterns rich in dietary fiber" from fruits and vegetables.[1]

6. These benefits include "improving gut health; lowering elevated LDL-cholesterol; reducing the risk of excessive weight gain and obesity; decreasing cardiovascular disease (CVD), coronary heart disease (CHD) and mortality risks; reducing risks of several cancers, stroke and type 2 diabetes; and improving the odds for successful aging."

7. Based upon nutrient values for the 20 most commonly consumed raw fruits in the U.S., at least 25 percent naturally contain a dietarily significant amount of fiber – at least 10% of

---

[1] Mark Dreher, "Whole Fruits and Fruit Fiber Emerging Health Effects." Nutrients 10.12 (2018): 1833 ("Whole fruits (e.g., fresh, frozen, canned or dried) are recognized for their fiber content").

2

the recommended percent daily value ("%DV").

8. Specifically, the more prominently depicted fruits on the label are naturally good sources of fiber, containing more than 10% DV of this important nutrient – oranges (12%), blueberries (14%) and raspberries (32%).

9. Emphasizing a nutrient through the terms "source" or synonyms such as "contains" and "with," or "good source" causes consumers to expect a dietarily significant level of the nutrient is present.

10. When the claim "With Fiber" is seen along with the numerous references to real fruit on the labels, consumers reasonably expect (i) the Products are dietarily significant or good sources of fiber because it is well-known that "real fruit" is a good source of fiber[2] and (ii) the fiber in the Products is derived from the fruits pictured on the labels (not a root) due to the numerous references to the presence of real fruit through images and nutritional statements.

11. The Products' ingredient lists indicate "chicory root fiber," the fourth-most predominant ingredient by weight, is the actual fiber source.[3]



12. Chicory root fiber is not (i) depicted on the labels alongside those fruits which are

---

[2] Mark Dreher, "Whole Fruits and Fruit Fiber Emerging Health Effects." Nutrients 10.12 (2018): 1833 ("Whole fruits (e.g., fresh, frozen, canned or dried) are recognized for their fiber content").
[3] The ingredient list is for the mixed fruit product but the berries variety has the first four ingredients in identical order to the mixed fruit.

good sources of fiber – oranges, blueberries and raspberries, (ii) a fruit, nor (iii) understood to be a fruit by reasonable consumers.

13. The representation – "With Fiber" – gives the impression the Products are a dietarily significant or a good source of fiber, which is false, deceptive and misleading because they contain less than 10% of the DRV per reference amount customarily consumed.[4]

14. The nutrition facts indicate they contain 2 grams of dietary fiber, or 8% of the percent daily value.

Mixed Fruit                    Berries



15. The Products' representations are misleading because they are neither a "good source" of fiber as indicated by the prominent "With Fiber" claim, complemented by the other statements alluding to the presence and properties of "real fruit" and because the fiber contained is not derived from any fruit, but from a chicory root.

---

[4] 21 C.F.R. §101.54(c)  Nutrient content claims for "good source," "high," "more," and "high potency."; 21

4

16. The Products' are fortified with fiber in a manner which is contrary to law, public policy and which causes them to be misleading to consumers due to the expectation they are a an appropriate nutritional vehicle for the fulfillment of their fiber needs.

17. The Products contain other representations which are misleading and deceptive.

18. Excluding tax, the Products cost no less than $3.99 per box of 8 pouches (22.7g each), a premium price compared to other similar products and products which actually contained a quantity of fiber purported to be present in the amounts here.

## Jurisdiction and Venue

19. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

20. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

21. This court has personal jurisdiction over defendants because they conduct and transact business, contract to supply and supply goods within New York.

22. Venue is proper because plaintiff and many class members reside in this District and defendants do business in this District and State.

23. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

24. Plaintiff is a citizen of Kings County, New York.

25. John and Jane Doe plaintiffs are citizens of the other 49 states.

26. Defendant Welch's is a Michigan corporation with a principal place of business in Concord, Massachusetts.

27. Defendant Promotion in Motion is a Delaware corporation with a principal place of

business in Allendale, New Jersey.

28. During the class period, plaintiff purchased one or more Products for personal consumption with the representations described herein, for no less than $3.99 per product, excluding tax, within this district and/or state.

29. Plaintiff paid this premium because prior to purchase, plaintiffs saw and relied on the misleading representations.

30. Plaintiff would purchase the Products again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

31. The classes consist of all consumers in the following states: <u>all</u>, <u>New York</u> who purchased any Products with the actionable representations during the statutes of limitation.

32. A class action is superior to other methods for fair and efficient adjudication.

33. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

34. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

35. Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

36. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

37. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

6

38. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

39. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

40. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
and Consumer Protection Statutes of Other States and Territories

41. Plaintiff and John and Jane Doe plaintiffs, representing the forty-nine (49) other states where they reside and purchased the Products, incorporate by reference all preceding paragraphs and assert causes of action under the consumer protection statutes of all fifty (50) states.

   a. Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

   b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

   c. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

   d. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;

   e. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

   f. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

   g. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

   h. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

   i. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes* § 501.201, *et. seq.*;

   j. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

   k. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

l. Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

m. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

n. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

o. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

p. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

q. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

r. Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

s. Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

t. Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

u. Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;

v. Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

w. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

x. Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

y. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

z. New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

aa. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

bb. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

cc. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

dd. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ee. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

ff. Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

gg. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

hh. South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

ii. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

jj. Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;

kk. Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

ll. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

mm. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

nn. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

42. Defendants' representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

43. Defendants' acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

44. Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

45. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

Negligent Misrepresentation

46. Plaintiff incorporates by references all preceding paragraphs.

47. Defendants misrepresented the nutritional attributes of the Products' composition.

48. Defendants had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

49. This duty is based on defendants' purported position as a self-designated learned intermediary and an entity which has held itself out as having special knowledge in the production and sale of the product type.

50. Defendants negligently misrepresented and/or negligently omitted material facts.

51. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

52. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

Breach of Express Warranty and Implied Warranty of Merchantability

53. Plaintiff incorporates by references all preceding paragraphs.

54. Defendants manufacture, package, distribute and sell Products which purport to be fruit snacks and are claimed to be made from real fruit.

55. Since "real fruit" has fiber, it is expected the fiber contained in the Products would be from the "real fruit" instead of a chicory root.

56. The Products warranted to plaintiff and class members that they possessed functional, nutritional, organoleptic, sensory, physical and other attributes which they did not.

57. Defendants warranted such attributes to plaintiff and class members, when this was not truthful and was misleading.

58. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

59. The Products were not merchantable in their final sale form.

60. Plaintiff and class members relied on defendant's claims, paying more than they would have.

### Fraud

61. Plaintiff incorporates by references all preceding paragraphs.

62. Defendants' purpose was to mislead consumers who seek products which have nutrient, functional, organoleptic and other qualities described herein.

63. Defendants' intent was to secure economic advantage in the marketplace against competitors.

64. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

### Unjust Enrichment

65. Plaintiff incorporates by references all preceding paragraphs.

66. Defendants obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

11

2. Entering preliminary and permanent injunctive relief by directing defendants to correct such practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law, GBL and other statutory claims;

4. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: March 18, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com


Joshua Levin-Epstein
New York, NY 10119

1:19-cv-01532
United States District Court
Eastern District of New York

Charles Jones individually and on behalf of all others similarly situated

Plaintiff

- against -

Welch Foods Inc., A Cooperative and Promotion in Motion, Inc.

Defendants

## Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: March 18, 2019

/s/ Spencer Sheehan
Spencer Sheehan