

2049 CENTURY PARK EAST SUITE 2300 LOS ANGELES, CA 90067
T 310.229.9900 F 310.229.9901 www.Venable.com

August 9, 2019

Daniel S. Silverman

**T 310.229.9900**
**F 310.229.9901**
dssilverman@venable.com

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Jones v. Welch Foods Inc., et al.*, 1:19-cv-01532-LDH-VMS**

Dear Judge DeArcy Hall:

We represent Defendants Welch Foods Inc., A Cooperative ("Welch's") and Promotion In Motion, Inc. ("PIM") (collectively, "Defendants") in the above-entitled action, and write pursuant to Your Honor's Individual Practices and Rules to request a pre-motion conference in anticipation of filing a motion to dismiss the complaint (the "Complaint") filed in this action by Plaintiff Charles Jones ("Plaintiff"). The Complaint asserts five causes of action on behalf of Plaintiff and a putative nationwide class and New York subclass of consumers of Welch's Fruit Snacks ("WFS"). Plaintiff alleges (1) violation of New York Business Law sections 349 and 350 as well as consumer protection statutes of other states and territories, (2) negligent misrepresentation, (3) breach of express warranty and implied warranty of merchantability, (4) fraud, and (5) unjust enrichment. As set forth below, dismissal with prejudice is appropriate because Plaintiff lacks standing to seek injunctive relief and each of his claims fails as a matter of well-established law. Thus, amendment would be futile.

**A. Plaintiff Lacks Standing To Seek Injunctive Relief**

As a threshold matter, Plaintiff cannot seek a preliminary or permanent injunction ordering Defendants to modify the WFS packaging or label, as Plaintiff fails to allege a likelihood that he will be injured in the future. *See* Compl. ¶ 30. Plaintiff cannot allege that he would be injured in a similar way in the future for two reasons: (1) Plaintiff explicitly states that he would only "purchase the [WFS] again if there were assurances that the [WFS's] representations were no longer misleading," and (2) Plaintiff is now aware of the alleged misrepresentations and is not in danger of being deceived again. *See* Compl. ¶ 30. Plaintiff thus fails to demonstrate a likelihood of continuing or future injury, which is necessary to confer standing to sue for injunctive relief.[1]

---

[1] *See, e.g.*, *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 (W.D.N.Y. 2018) (dismissing request for injunctive relief as the plaintiff alleged she would only purchase product again if not "misbranded"); *Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 WL 5678474-MKB-VMS, at *6 (E.D.N.Y. Sept. 30, 2016) (same).



**B. The Challenged Representation Is Not False Or Misleading**

Plaintiff does not identify any representation on the WFS packaging that is likely to mislead a reasonable consumer. To maintain a claim under New York General Business Law sections 349 and 350 and common law fraud, Plaintiff must allege that the statement was likely to mislead a reasonable consumer.[2] Courts in New York and across the country have repeatedly found that when a statement on the package is literally true, a plaintiff cannot maintain a claim based on misrepresentation.[3] Nor can Plaintiff maintain a cause of action where the claimed misrepresentation is unlikely to deceive an objectively reasonable consumer.[4] Plaintiff cannot state a claim for relief based on unsubstantiated and fallacious deductions and assumptions.[5] Additionally, Plaintiff cannot maintain a cause of action under New York General Business Law sections 349 or 350 for individuals who did not purchase WFS in the state of New York.[6]

Here, Plaintiff alleges that the statement "With Fiber" on the WFS packaging is false or misleading. Yet, Plaintiff's own allegations demonstrate that the claimed representation is true—WFS do contain fiber, as evidenced in the FDA-mandated label, which states the precise amount of fiber.[7] Compl. ¶ 14. In fact, the Nutrition Facts panel states the precise amount of fiber and the Ingredient list states the source of the fiber. Plaintiff's claim regarding the amount of fiber in WFS and the source of the fiber are not likely to mislead a reasonable consumer as a matter of law. First, it is not reasonable for a consumer to assume that because the packaging includes the term "with" that there is a significant amount of fiber in WFS, especially when the label states how much fiber is in the product. In fact, the label of the "Reduced Sugar Berries 'N Cherries" variety of WFS specifically states that it is "**not a significant source of . . . fiber**." Further, the FDA has excluded the term "with" from its list of terms characterizing the amount of

[2] *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995) (stating standard for New York consumer protection statutes); *Marcus v. AT&T Corp.*, 138 F.3d 46, 63 (2d Cir. 1998) (stating standard for fraud).

[3] *See, e.g., Solak v. Hain Celestial Grp., Inc.*, No. 17-CV-0704, 2018 WL 1870474, at *3 (N.D.N.Y. Apr. 17, 2018) (dismissing complaint as "Garden Veggie Straws" did contain garden vegetables); *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 335 (E.D.N.Y. 2018) (dismissing claims as label correctly stated how the product was processed); *Kuenzig v. Kraft Foods, Inc.*, No. 11-CV-838, 2011 WL 4031141, at *8 (M.D. Fla. Sept. 12, 2011) (finding that the "percent fat free" was a true representation); *Henderson v. Gruma Corp.*, No. 10-CV-4173, 2011 WL 1362188, at *12 (C.D. Cal. April 11, 2011) (finding representation "With Garden Vegetables" was true).

[4] *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Davis*, 297 F. Supp. 3d at 335 (dismissing claim as no reasonable consumer would be misled by statement regarding processing of the cold-pressed juice); *Brumfield v. Trader Joe's Co.*, No. 17-cv-3239, 2018 WL 4168956, at *2 (S.D.N.Y. Aug. 30, 2018) (dismissing claim as no reasonable consumer would be misled regarding the source of the "black truffle flavor").

[5] *Fink*, 714 F.3d at 741; ); *Stoltz v. Fage Dairy Processing Indus., S.A., No.* 14-CV-3826, MKB, 2015 WL 5579872, at *14 (E.D.N.Y. Sept. 22, 2015) (stating reasonable consumer standard as objective not subjective).

[6] *See Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 325 (2002) ("the deceptions of a consumer must occur in New York").

[7] *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *16 (E.D.N.Y. Aug. 29, 2013) (NY Consumer Protection Claims require analysis of alleged misrepresentation in the context of the entire label); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 674-76 (E.D.N.Y. 2017) (same).



nutrients in a product.[8] Nor would a reasonable consumer be misled into believing that the source of the fiber must be the fruit pictured on the label, especially here, where the Ingredient list explicitly states the source of the fiber: chicory root fiber.

**C. Plaintiff's Remaining Common Law Claims Similarly Fail To State A Claim**

Plaintiff's remaining common law claims are similarly unavailing. Plaintiff's breach of express warranty claim fails for the same reasons as the statutory consumer protection claims and fraud claims—there is no actionable misrepresentation. *Supra* Sect. B. Plaintiff's express warranty and implied warranty claims fail for lack of privity.[9] Plaintiff's express warranty claim further fails for lack of notice.[10] Finally, Plaintiff's implied warranty claim fails because Plaintiff does not allege that WFS are unfit for human consumption.[11]

Plaintiff's negligent misrepresentation claim fails as he alleges a purely economic loss (Compl. ¶ 29), which is not an actionable injury for negligent misrepresentation claims.[12] Lastly, Plaintiffs' unjust enrichment claim fails under New York law because Plaintiff failed to allege any actionable misrepresentations and because it is duplicative of Plaintiff's other claims.[13]

**D. Plaintiff Fails to State A Claim Against Welch's**

Plaintiff relies upon impermissible "group pleading" and fails to provide Welch's with notice of his claims against it.[14] Plaintiff fails to set forth any factual allegation that Welch's had any involvement in the manufacturing or distribution of WFS. Indeed, as the WFS product label states, Welch's merely licenses its name to PIM, who manufactures and distributes WFS. Plaintiff fails to state a claim against Welch's.

Respectfully Submitted,

/s/ Daniel S. Silverman
Daniel S. Silverman

cc: All Counsel of Record (via ECF)

---

[8] *See* 21 C.F.R. 101.54(c) (defining "good source" claims and providing exclusive list of terms signifying that a product is a "good source" of a nutrient).

[9] *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (express warranty); *Tomasino*, 44 F. Supp. 3d at 262 (implied warranty).

[10] *Tomasino v. Estée Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 260-61 (E.D.N.Y. 2014) (dismissing breach of warranty claim for failure to provide notice).

[11] *See, e.g.*, *Ackerman v. Coca-Cola Co.*, No. 09-CV-0395, 2010 WL 2925955, at *25 (E.D.N.Y. July 21, 2010).

[12] *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-CV-2484, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015).

[13] *See, e.g.*, *Holve*, 334 F. Supp. 3d at 559-60.

[14] *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) (granting motion to dismiss as to certain defendants as the "group pleading" failed to provide notice to the defendants of the alleged claims).