| | |
|---|---|
| Sheehan & Associates, P.C. | 505 Northern Boulevard, Suite 311, Great Neck, NY 11021<br>tel. 516.303.0552<br>fax 516.234.7800<br>spencer@spencersheehan.com |

August 11, 2019

District Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201      Re:   1:19-cv-01532-LDH-VMS
                                                              Jones v. Welch Foods Inc., A Cooperative et al

Dear District Judge Hall:

     This office represents the plaintiff.  On August 9, 2019, defendant requested a pre-motion conference prior to moving to dismiss the Complaint. ECF No. 17; Fed. R. Civ. P. 12(b)(1), (b)(6). ECF Nos. 14-15; Individual Practices, III(A)(3).  In accordance with your Honor's Practices, plaintiff's response contains a "synopsis of the arguments to be set forth in [any motion or] opposition" and "sufficient legal authority to serve this purpose."  III(A)(4).

### I.  Plaintiff has Standing to Seek Injunctive Relief

     Defendants' oppose plaintiff's request for a preliminary injunction or injunctive relief to correct the challenged representations, because "Plaintiff is now aware of the alleged misrepresentations and is not in danger of being deceived again."  ECF 17 at 1 citing *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 (W.D.N.Y. 2018).  However, defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." Id.

### II.  The Products are Misleading Because they are Not a "Good Source" of Fiber

     Defendants' claims with respect to fiber are a "'nutrient content claim,' which are statements that a food purveyor may make to characterize the level of a nutrient in the food and which are distinct from the required nutrition labels." *Bowling v. Johnson & Johnson*, No. 17-cv-3982, 2018 U.S. Dist. LEXIS 52142, at *4-*13 (S.D.N.Y. Mar. 28, 2018) citing 21 U.S.C. § 343(r) and 21 C.F.R. § 101.13(b).

     Nutrient content claims can either be "expressed" or "implied."  21 C.F.R. § 101.13(b)(1); *Ackerman v. Coca-Cola. Co.*, No. 09-cv-0395, 2010 WL 2925955, at *6 (E.D.N.Y. July 21, 2010) (distinguishing an express claim from an "implied claim," such as "a statement such as "as much fiber as an apple, which suggests a nutrient level comparable to a specified reference food").  In Subpart D-Specific Requirements for Nutrient Content Claims of Part 101, the FDA defines terms which are permitted for characterizing express ("direct") or implied levels of nutrients in food.

1

These regulations mandate that whenever certain terms are used with respect to a nutrient claim, the food contain an amount of that nutrient consistent with regulations.[1]

The complaint alleges that "The representation – "With Fiber" – gives the impression the Products are a dietarily significant or a good source of fiber, which is false, deceptive and misleading because they contain less than 10% of the DRV per reference amount customarily consumed." ECF No. 1 at ¶ 14, fn 4 citing 21 C.F.R. §101.54(c).

Defendant offers the classic "half-truth" – the Products "do contain fiber, as evidenced in the FDA-mandated label, which states the precise amount of fiber." ECF No. 17 at 2; *but see Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (recognizing a duty to speak where they make "a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth.").

However, this argument disregards that the complaint did not allege the Products did not contain *any* fiber. Rather, plaintiff alleged that reasonable consumers would expect the Products to contain "dietarily significant or good sources of fiber" because "Emphasizing a nutrient through the terms "source" or synonyms such as "contains" and "with," or "good source" causes consumers to expect a dietarily significant level of the nutrient is present." FAC, ¶ 9-10.

In its letter, defendant cites the same authority as plaintiff, in stating that "With Fiber" is not misleading as a matter of law. ECF No. 17 at 3, fn 8. Defendant is correct in noting that "with" is not included in the FDA's "exclusive list of terms signifying that a product is a "good source" of a nutrient." ECF No. 17 at 3.

In enacting the NLEA, Congress was aware that companies would continually seek to stay one step ahead of regulations through use of undefined and unlisted terms or synonyms and by the proliferation of confusing and conflicting nutrient content claims. This is why the FDA has permitted "Reasonable variations in the spelling of the terms defined in part 101 and their synonyms are permitted provided these variations are not misleading" and a petition process when a company wanted to use a term not on the FDA's "exclusive list." 21 C.F.R. §101.13(b)(4); 21 C.F.R. §101.69.

The FDA and numerous federal courts have confronted food labels which used unauthorized synonyms to characterize the levels of nutrients in food, where those foods did not contain the amount of the nutrients required for the defined term. *See* FDA Warning Letter to Unilever United States, Aug. 23, 2010 (in the context of an antioxidant claim, the FDA stated that "Even if we determined that the term "rich source" could be considered a synonym for a term defined by regulation (e.g., "high" or "good source"), nutrient content claims that use the term "antioxidant" must meet the requirements of 21 CFR 101.54(g)."); *Vassigh v. Bai Brands LLC*, No. 14-cv-05127, 2015 WL 4238886, at *3 (N.D. Cal. July 13, 2015) ("A defendant cannot escape liability simply because it uses a synonym—such as "great source" or "excellent source"—instead of the defined term "good source." The touchstone inquiry is whether the statement either expressly

---

[1] *N.Y. State Rest. Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 124 (2d Cir. 2009) ("In listing terms that characterize nutrient levels, the regulations point to terms and phrases such as "rich in," "excellent source of," "enriched," "fortified." See 21 C.F.R. §§ 101.54-101.69.").

or implicitly characterizes the level of a nutrient in the product. See 21 C.F.R. § 101.13(b).").

Plaintiff has plausibly alleged that "with" is used as an unapproved synonym for "good source." However, the Products "contain less than 10% of the DRV per reference amount customarily consumed," not meeting the requirement to make a "good source" claim.

Defendant's argument with respect to the disclosure of the fiber on the Nutrition Facts misses the point. ECF No. 17 at 2 ("Nutrition Facts panel states the precise amount of fiber and the Ingredient list states the source of the fiber."). This is because nutrient content claims, when used in a way that is non-misleading (and in compliance with law), are intended to be sufficient *on their own* to apprise consumers of qualities and attributes of the products. Because these statements are circumscribed and companies are typically prudent with their use, consumers rely on label claims to communicate relevant information in a concise form. No reference to the nutrition facts or ingredient list is necessary. Further, defendants' claims do not contain an asterisk which directs consumers to the Nutrition Facts, since the "with fiber" "good source" claim does not require it.

### III. Plaintiff's Common Law Claims are Sufficient

To the extent defendants challenge the warranty claims based on the absence of privity, the New York Court of Appeals ""dispensed with" the privity requirement in actions "for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods." *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Defendants' argument with respect to the lack of pre-suit notice fails to consider the line of New York Cases that create an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

### IV. Claims Against Welch's Are Sufficient at Pleading Stage

Defendant states that the complaint engages in impermissible "group pleading" by not distinguishing claims between the defendants. Moreover, defendants' counsel is not the proper party to assert whether Welch's has any involvement in the manufacturing or distribution of the Products. Defendants have failed to submit proof in admissible form for the Court to make any determination whether defendant Promotion In Motion bears all responsibility and has indemnified Welch's, or any licensing agreement between the parties. However, plaintiff is open to receiving and reviewing such information from opposing counsel, and upon confirmation, plaintiff would agree to voluntarily dismiss the Welch's defendant.

    Respectfully submitted,
    /s/ Spencer Sheehan
    Spencer Sheehan

Certificate of Service

I certify that on August 11, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendants' Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan