UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHARLES JONES, individually and on behalf of all others similarly situated,

                                         Plaintiff,

                v.

WELCH FOODS INC., A COOPERATIVE; and PROMOTION IN MOTION, INC.,

                                         Defendants.

**MEMORANDUM AND ORDER**

19-CV-1532 (LDH) (VMS)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Plaintiff Charles Jones, on behalf of himself and other similarly-situated class members, brings the instant action against Defendant Promotion in Motion, Inc. asserting claims under New York state law for breach of the express warranty of merchantability, fraud, unjust enrichment; and violations of New York General Business Law §§ 349 and 350, and similar consumer protection statutes of other states and territories.[1] Defendant moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[2]

Defendant "grow[s], harvests, produces, bottles, packages, markets, distributes, and/or sells fruit snacks in boxes of individual pouches" (the "Products"). (Compl. ¶ 1, ECF No. 1.) The Products come in flavors such as "mixed fruit" and "berries [n]'cherries," and are sold by Defendant for "no less than $3.99 per box of 8 pouches" excluding tax. (*Id*. ¶¶ 2, 18.) The

---

[1] By notice of voluntary dismissal dated August 12, 2019, Plaintiff dismissed, with prejudice, its claims against Defendant Welch Foods Inc., A Cooperative pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 19.) At the pre-motion conference held before this Court on September 23, 2019, Plaintiff voluntary dismissed its claims for negligent misrepresentation and implied warranty of merchantability. (*See* Pre-Mot Conf. Tr. at 34:11–34:22, 37:25–38:8, ECF No. 26.)

[2] The following facts are taken from the complaint and are assumed to be true for purposes of deciding the instant motion. (ECF No. 1.)

Products' labels "tout the presence of real fruit through images and statements," including the Welch's brand name, which Plaintiff alleges is "inextricably linked to [the] growing of real grapes." (*Id.* ¶ 3.) The labels include the phrases "Fruit Snacks," "Made with REAL Fruit," "100% DV Vitamin C & 25% Vitamins A & E," "Colors from Natural Sources," "With Fiber," and "No Preservatives." (*Id.*) Images of oranges, blueberries, and raspberries are also "prominently depicted" on the Products' labels. (*Id.* ¶ 8.) Each of these fruits contain greater than 10% percent of the recommended daily value of fiber. (*Id.*)

According to the complaint, "[e]mphasizing a nutrient through the terms 'source' or synonyms such as 'contains' and 'with,' or 'good source' causes consumers to expect a dietarily significant level of the nutrient is present." (*Id.* ¶ 9.) And, when the claim "With Fiber" is seen along with the numerous references to real fruit on the labels, consumers reasonably expect that: "(i) the Products are dietarily significant or good sources of fiber because it is well-known that real fruit is a good source of fiber[;] and (ii) the fiber in the Products is derived from the fruits pictured on the labels (not a root) due to the numerous references to the presence of real fruit through images and nutritional statements." (*Id.* ¶ 10.) On this basis, Plaintiff alleges that the representations on the Products are misleading "because the[] [Products] are neither a 'good source' of fiber as indicated by the prominent 'With Fiber' claim, complemented by the other statements alluding to the presence and properties of 'real fruit[;]' and because the fiber contained [in the Products] is not derived from any fruit, but from a chicory root." (*Id.* ¶ 15.)

Plaintiff purchased one or more Products for personal consumption for no less than $3.99 per product, excluding tax. (*Id.* ¶ 28.) Plaintiff alleges that $3.99 is a "premium price compared to other similar products" and that he paid that price after seeing and relying on Defendant's

representations. (*Id.* ¶ 29.) According to Plaintiff, he "would purchase the Products again if there were assurances that the Products' representations were no longer misleading." (*Id.* ¶ 30.)

## DISCUSSION

### I. Subject-Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff [ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

Defendant contends that Plaintiff lacks standing to seek injunctive relief on behalf of himself or the class because he cannot demonstrate a likelihood of future injury. (Def.'s Mem. L. Supp. Def.'s Mot Dismiss ("Def.'s Mem.") 6–10, ECF No. 22.) The Court agrees.

It is well-settled that "[a] plaintiff seeking to represent a class must personally have standing to pursue each form of relief sought." *Kommer v. Bayer Consumer Health*, 710 F. App'x 43, 44 (2d Cir. 2018) (internal quotations omitted). To demonstrate standing, a plaintiff must "show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and [that] the injury or threat of injury [is] both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95,

3

101–02 (1983) (internal quotations omitted).  While the danger of a real and immediate threat of injury may be evinced by past wrongs, the Supreme Court has cautioned that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id*. at 102.  In other words, a plaintiff seeking injunctive relief cannot rely solely on a past injury but must instead demonstrate "a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).  This principle applies in cases where a plaintiff fails to allege that he would repurchase an allegedly offending product.  *See Nicosia v. Amazon, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (finding a lack of standing where plaintiff "failed to allege that he intends to use Amazon in the future to buy *any* products, let alone food or drug products generally or weight loss products in particular"); *see also Atik v. Welch Foods, Inc.*, 15-CV-5405 (MKB) (VMS), 2016 WL 5678474, at *5 (E.D.N.Y. Sept. 30, 2016) (collecting cases).  Such is the case here.

Plaintiff alleges that he purchased the Products at a premium price in reliance on the alleged "misleading representations" on the Products' labels.  (Compl. ¶ 29.)  Of consequence, Plaintiff also alleges that he would purchase the Products again only "if there were assurances that the Products' representations were no longer misleading." (*Id*. ¶30.)  This sort of conditional statement cannot be said to establish a likelihood of future harm to Plaintiff.  *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 299–300 (S.D.N.Y. 2018) (finding that the plaintiff lacked standing to seek injunctive relief because her claim that she would not have purchased the defendants' products had the defendants not misrepresented the contents and nature of their products was effectively a concession that she did not intend to purchase the product in the future); *see also Kommer*, 710 F. App'x at 44 (finding that the plaintiff lacked standing to sue for

4

injunctive relief on behalf of a class where he stated that "now that he knows of Defendants' deception and false advertising, . . . he [was] no longer likely to purchase [the allegedly misleading product] again"). Because Plaintiff has failed to demonstrate a likelihood of future injury, he lacks standing to seek injunctive relief.

**II.      Failure to State a Claim**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

**A.      Plaintiff's NY GBL Claims**

Together, N.Y. GBL sections 349 and 350 prohibit "[d]eceptive acts or practices" and "false advertising" while conducting "any business, trade or commerce, or in the furnishing of any service in this state." N.Y. G.B.L. §§ 349, 350. "To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (internal quotations omitted).

Here, Plaintiff's N.Y. GBL claims are premised on the notion that the Products' packaging runs afoul of FDA regulations governing food labels, thereby misleading consumers. More specifically, Plaintiff contends that Defendant's use of the phrase "With fiber" would lead a consumer to believe that the Products are a "good source" of fiber. (Compl. ¶ 10.) As a result, as Plaintiff's argument goes, the Products' labeling is misleading because the Products do not contain at least 10% of the daily allowance for fiber, which is required under FDA regulation when making a "good source" claim. (Pl.'s Opp'n Def.'s Mot. to Dismiss ("Pl.'s Opp'n") 4–5, ECF No. 24.) In other words, the Products' labels are alleged to bear an unlawful "nutrient content claim." (*Id.*) Plaintiff's argument is attenuated at best.

Pursuant to the FDA, a "nutrient content claim" is any claim that expressly or implicitly characterizes the level of certain nutrients, including fiber required to be in nutrition labeling under 21 C.F.R. § 101.9 or 21 C.F.R. § 101.36. *See* 21 C.F.R. § 101.13(b). Where a claim is deemed a nutrient content claim, it is subject to, among other provisions, the proscriptions set out in 21 C.F.R. § 101.54.

21 C.F.R. § 101.54(a) provides, in relevant part, that:

> [A] claim about the level of a nutrient in a food in relation to the Reference Daily Intake (RDI) established for that nutrient in § 101.9(c)(8)(iv) or Daily Reference Value (DRV) established for that nutrient in § 101.9(c)(9), (excluding total carbohydrates) may only be made on the label or in labeling of the food if:
> (1) The claim uses one of the terms defined in this section in accordance with the definition for that term . . .

*Id.* § 101.54(a). Section 101.54(c) provides that:

> (c) "Good Source" claims.
> (1) The terms "good source," "contains," or "provides" may be used on the label and in the labeling of foods. . . provided that the food contains 10 to 19 percent of the RDI or the DRV per reference amount customarily consumed.

*Id.* § 101.54(c).

6

As Defendant argues, Plaintiff's theory of liability fails in the face of a plain reading of the FDA regulations. (Def.'s Mem. 2–4.) By the express terms of the regulation, a "good source" claim designation is reserved exclusively for product labels that use the terms "good source," "contains," and "provides." 21 C.F.R. § 101.54(c). As such, only products bearing those terms are subject to the minimum 10% of dietary fiber content requirement. Conspicuously absent from the terms enumerated in section 101.54(c) is the term "with." Perhaps cognizant of this fact, Plaintiff argues that, "given that 'contains fiber' is a permitted express nutrient content claim when a product meets the 10% DRV criterion, it is not a stretch in the least for 'with fiber' to be understood by consumers in the same way." (Pl.'s Opp'n 4) The Court is unfamiliar with the "it's not a stretch" doctrine, and Plaintiff fails to cite to a single case where a court has extended the definitional reach of "good source claims" beyond the terms set forth in the statue. Moreover, Plaintiff's allegation that consumers construe "with" as synonymous with "good source claims" is of no legal consequence as the impressions of consumer cannot serve to abrogate the plain language of the statute. (Id. at 5.) There is simply no basis to find that the Defendant's use of the term "With Fiber" runs afoul of FDA regulations.

In the absence of any purported statutory violation, Plaintiff has no basis upon which to claim the Products label were false or misleading. This case is reminiscent of *Henderson v. Gruma Corp*. In *Henderson*, the plaintiffs filed suit alleging, in relevant part, that the phrase "with garden vegetables" on the defendant's product's packaging was materially misleading. *Henderson v. Gruma Corp.*, 10-CV-04173 (AHM) (AJWX), 2011 WL 1362188, at *1 (C.D. Cal. Apr. 11, 2011). The court granted the defendant's motion to dismiss partially on the grounds that the defendant's product did in fact contain vegetables that could be grown in a garden. *Id*. at *12. In making this finding, the court expressly noted that "[t]he labeling statement does not

7

claim a specific amount of vegetables in the product, but rather speaks to their presence in the product, which is not misleading." *Id*. So too here. Plaintiff has not alleged that the Products are without fiber, nor could he as the Products contain 8% of the daily allowance for fiber. (Compl. ¶ 14.) Accordingly, "With Fiber" is accurate, and Plaintiff has failed to sufficiently allege that the Products' labels are in any way materially misleading. Plaintiff's GBL claim must fail.[3]

### B. Plaintiff's Breach of Express Warranty Claim

A breach of express warranty claim requires a demonstration of "an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon." *Factory Assocs. & Exps., Inc. v. Lehigh Safety Shoes Co. LLC*, 382 F. App'x 110, 111–112 (2d Cir. 2010) (internal quotations omitted). Thus, to withstand a motion to dismiss a breach of warranty claim, a plaintiff must allege: (i) a material statement amounting to a warranty; (ii) the buyer's reliance on that warranty as a basis for the contract with his immediate seller; (iii) the breach of that warranty; and (iv) injury to the buyer caused by the breach. *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014)). In New York, "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." N.Y. U.C.C. Law § 2-313.

Defendant does not challenge that the representation "With Fiber" on the Products' label constitutes a warranty, that Plaintiff relied on that warranty in purchasing the Products, or that

---

[3] Under New York law, to state a claim for fraud "a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015). Federal Rule of Civil Procedure 9(b) imposes a heightened standard of pleading for allegations of fraud, requiring such claims to be "stated with particularity." Fed. R. Civ. P. 9(b). Because Plaintiff has failed to allege the Products' label is materially misleading, Plaintiff's fraud claim must also be dismissed.

8

Plaintiff suffered an injury as a result. (Def.'s Mem. 21–22.)  Instead, Defendant argues that the Court should dismiss Plaintiff's claim because Plaintiff does not and cannot allege that the warranty was breached because the Products contain fiber as represented.  (*Id.*)  Notably, Plaintiff fails to counter this argument.  This fact alone would be sufficient to dismiss Plaintiff's claim as abandoned.  *See Silverman v. Household Fin. Realty Corp. of N.Y*, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) ("Since Plaintiffs fail to oppose Defendants' arguments that the other eleven (11) claims should be dismissed, the court deems them abandoned and grants Defendants' motion as to those claims.").  That said, Plaintiff's claim also fails on the merits.  Simply put, because the Products contain fiber, "With Fiber" on the label is accurate and cannot serve as a basis for a breach of warranty claim.[4]

### C.     Plaintiff's Unjust Enrichment Claim

Defendant urges the Court to dismiss Plaintiff's unjust enrichment claim as duplicative of his tort and contract claims.  (Def.'s Mem. 23.)  Because Plaintiff failed to oppose Defendant's arguments on this claim, Plaintiff has abandoned his unjust enrichment claim as a matter of law. *See Silverman,* 979 F. Supp. 2d at 317.  Accordingly, Plaintiff's unjust enrichment claim is dismissed.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

SO ORDERED.

Dated:  Brooklyn, New York             /s/ LDH
       November 30, 2020             LaSHANN DeARCY HALL
                                               United States District Judge

---

[4] Defendant also argues that Plaintiff's breach of warranty claim must be dismissed because Plaintiff is not in privity with Defendant, and Plaintiff failed to provide Defendant adequate pre-suit notice of its alleged breach.  (Def.'s Mem. 21–22.)  Having made this determination, the Court need not address the parties' arguments regarding lack of privity and lack of notice.

9